UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                    Chapter 11

    GENERAL MEDIA, INC.,                  No. 03-15078-smb

                       Debtor
------------------------------------------------------------X


## STIPULATION OF SETTLEMENT BETWEEN THE REORGANIZED DEBTOR, NAFT VENTURES I LLC AND CRP SERVICES, LLC FOR ALLOWANCE <u>OF COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>


**TO THE HONORABLE STUART M. BERNSTEIN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

      **WHEREAS**, on August 12, 2003 (the APetition Date@), each of General Media, Inc. (AGeneral Media@), General Media Art Holdings, Inc. (AGeneral Media Art@) and four (4) affiliated debtors (collectively, the ADebtors@) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code; and

      **WHEREAS**, the Debtors= retention of CRP Services, LLC (ACRP@) as an independent contractor to provide management services for the Debtors was approved by an order of the Court dated October 9, 2003, effective *nunc pro tunc* to August 12, 2003; and

      **WHEREAS**, pursuant to the Engagement Letter dated August 12, 2003, CRP was to provide the services of T. Scott Avila as Chief Restructuring Officer of the Debtors and

up to three additional individuals to work for the Debtors (such services to be referred to collectively as, the AEngagement@); and

**WHEREAS**, in accordance with the provisions of the Engagement Letter, on or about December 16, 2003, the Debtors elected to terminate CRP=s services and as a result, CRP was employed by the Debtors from August 12, 2003 to December 16, 2003, approximately four months; and

**WHEREAS**, on or about January 16, 2004, CRP filed its First Application for Allowance of Compensation and Reimbursement of Expenses (the AFirst Application@), in which CRP requested compensation for its four month engagement in the amount of $1,046,436.00 and reimbursement of expenses in the amount of $105,244.63; and

**WHEREAS**, on February 19, 2004, NAFT Ventures I LLC (ANAFT@) submitted an objection to the First Application (the ANAFT Objection@); and

**WHEREAS**, a response to the NAFT Objection was filed by CRP on or about February 25, 2004 (the AResponse@); and

**WHEREAS**, the parties agreed to adjourn the hearing with respect to the First Application and the NAFT Objection from time to time; and

**WHEREAS**, on August 13, 2004, the Debtors= Plan of Reorganization was approved by an order of the Bankruptcy Court and a closing occurred on October 2, 2004; and

**WHEREAS**, on October 22, 2004, CRP filed the Application of CRP Services, LLC for the Allowance of Final Compensation and Reimbursement of Expenses (the AFinal Application@ and together with the Final Application, the AFee Applications@) requesting

compensation in the amount of $1,046,436.00 and reimbursement of expenses in the amount of $170,326.63; and

**WHEREAS**, the primary difference between the First Application and the Final Application is the addition of two paragraphs which increase the amount of expenses sought by $65,082.00 for the attorneys= fees of Akin Gump Strauss Hauer & Feld LLP (AAkin Gump@) which CRP employed in connection with preparing the Fee Applications and defending such Fee Applications against the NAFT Objection; and

**WHEREAS**, once the Final Application was filed and CRP agreed to forgo the Success Fee, NAFT agreed to withdraw the NAFT Objection and from that point Penthouse Media Group, formally known as General Media, Inc., the Reorganized Debtor in the above-captioned bankruptcy case (the AReorganized Debtor@) and NAFT objected only to the additional $65,082.00 in fees relating to CRP=s employment of Akin Gump, without Court approval, for both preparing and defending CRP=s Fee Applications; and

**WHEREAS**, the parties have conferred and have agreed to settle the objection to the Fee Applications as provided below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Reorganized Debtors, NAFT and CRP, as follows:

1. CRP hereby withdraws its entire claim for the reimbursement of expenses in connection with Akin Gump=s fees in the amount of $65,082.00.

2. NAFT and the Reorganized Debtor withdraw any and all objections to the Fee Applications.

3. Other than the Akin Gump related expenses which were withdrawn in accordance with paragraph A1" herein, CRP shall receive the full amount of fees and expenses sought in the Fee Applications in the amount of $1,046,436.00 and $105,244.63, respectively, which amounts shall be allowed in full.

4. This Stipulation is subject to approval by order of the Bankruptcy Court and in the event that this Stipulation is not approved by the Court, this Stipulation shall become null and void.

5. In the event that this Stipulation becomes null and void, the agreement contained herein shall be deemed to be made without prejudice and immediately withdrawn, and the Stipulation shall not be allowed or permitted to be used against the Debtors, the Reorganized Debtor, NAFT or CRP in this or any other pending or subsequent litigation.

6. Upon approval of this Stipulation by the Court and payment by the Reorganized Debtor to CRP of all amounts agreed upon herein, CRP, on the one hand, and the Debtors, the Reorganized Debtors and NAFT, on the other, hereby mutually release and discharge one another from all cases, liabilities, causes of action, actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, extents, executions, claims, demands, damages, injuries and causes of action of whatever kind and nature whether in law, admiralty or equity (including any claims for attorneys= fees

and interest), whether known or unknown, whether contingent, liquidated or otherwise, whether accrued or to accrue, whether asserted by way of claim, counterclaim, cross-claim, third-party action, action for indemnity or contribution or otherwise, that each party had, now has or hereafter can, shall or may have in connection with the Engagement and the Fee Applications and, except as expressly provided herein.

7. This Stipulation may be executed in counterparts and by facsimile with the original signatures to be provided as soon as practical thereafter.

Dated: February 17, 2005
Garden City, New York

                                **BERKMAN, HENOCH, PETERSON & PEDDY, P.C.**
                                Attorneys for NAFT Ventures I LLC

By:    /s/Ronald M. Terenzi
       Ronald M. Terenzi (RMT 6416)
       Cara M. Goldstein (CMG 3517)
       100 Garden City Plaza
       Garden City, NY 11530
       (516) 222-6200

                                -AND-

                                **AKIN GUMP STRAUSS HAUER & FELD, LLP**
                                Attorneys for CRP Services, LLC

By:   Kenneth A. Davis
       Kenneth A. Davis (KAD-9070)
       590 Madison Avenue
       New York, NY 10022
       (212) 872-8006

So Ordered this 17th day
of February, 2005

                                **/s/ STUART M. BERNSTEIN**
                                STUART M. BERNSTEIN
                                CHIEF BANKRUPTCY JUDGE
                                SOUTHERN DISTRICT OF NEW YORK

O:\BHPP Department Data\Bankruptcy Department Data\Cara Goldstein\gen media\CRP SETTLEMENT STIPULATION1.wpd